## MIDDLESBORO COAL LANDS OWNING & LEASING CO. et al. v. CLIMAX COAL CO.

District Court, E. D. Kentucky.
Dec. 5, 1930.

Davis & Harrison, of Pineville, Ky., for plaintiff.

Lindsay, Young & Young, of Knoxville, Tenn., and James H. Jeffries, of Pineville, Ky., for defendant.

ANDREW M. J. COCHRAN, District Judge.

This suit is before me on the question as to priority as between the plaintiffs' lien for rent and the claims of laborers under the

Workmen's Compensation Act. By section 4912, Kentucky Statutes, it is provided that such claims shall have the same priority for the whole thereof as is allowed by law "for any unpaid wages for labor." By section 2488 it is provided that the lien of employees for wages becoming due within six months before the property or effects of any mine shall in any wise be distributed among creditors, as provided in section 2487, shall be "superior to the lien of any mortgage or other incumbrance theretofore or thereafter created." The position taken on behalf of plaintiffs is that their lien is not an "other encumbrance" within the meaning of the statute. It seems that it is. Such would be the case if it were a mere statutory lien under sections 2316 and 2317. There is no conflict between this provision in section 2488 and the superior lien given by them. But plaintiffs' lien is not a mere statutory lien. It is a contract lien. It is provided for in the lease, and was so claimed in the petition.

I am constrained to hold that the workmen's compensation claims are entitled to priority.